**INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Defendant Below),**

v.

**CAVE STONE, INC., Appellee (Plaintiff Below),**

and

**INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Defendant Below),**

v.

**MESHBERGER STONE, INC., Appellee (Plaintiff Below).**

No. 2–1278A433.

Court of Appeals of Indiana, Second District.

Nov. 10, 1981.

Linley E. Pearson, Atty. Gen., Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellant.

Michael R. Fruehwald, Indianapolis, for appellees.

SHIELDS, Judge.

## ON PETITION FOR REHEARING

Appellee Cave Stone, Inc. petitions for rehearing on a decision handed down by this court on August 28, 1980 and published at 409 N.E.2d 690. In that decision, we ruled against Cave Stone in holding that equipment used in the two procedures of "hauling crude stone" and "stock out" did not come within the sales tax exemptions provided by I.C. 6–2–1–39(b)(6) (Burns Code

Ed., Repl.1978). We deny the petition for rehearing.

In support of its Petition for Rehearing, Cave Stone cites *State v. Calcar Quarries, Inc.*, (1979) Ind.App., 394 N.E.2d 939, claiming it is in direct conflict with the subject opinion. We disagree with the *Calcar* holding to the extent it (1) recognizes an "integral operation" exemption that encompasses an overlapping of the enumerated exemptions of I.C. 6–2–1–39(b)(6) and (2) expands the traditional strict interpretation of the statute.

Cave Stone also argues our decision conflicts with *Ind. Dept. v. American Dairy of Evansville, Inc.*, (1975) 167 Ind.App. 367, 338 N.E.2d 698. However, this court exempted the milk cans under I.C. 6–2–1–39(b)(1) because the containers were used "to hold, measure, and convey raw materials during the production process." 167 Ind.App. at 375, 338 N.E.2d at 702. Thus, unlike the instant case where no processing was occurring during the transportation, processing of the milk was occurring while in the cans.

Cave Stone correctly observes the trial court concluded the machinery, parts, and related items used by Cave Stone in both its hauling crude stone and its stock out were directly used by Cave Stone in the direct production and processing of tangible personal property, whereas our opinion addresses only processing and not production. This omission was intentional but should be explained.

The essential concept of processing as defined in our opinion is the change in form, contour, chemical combination, physical appearance, or otherwise of a substance by artificial or natural means. Thus, a coffee bean is processed resulting in ground coffee or further processed into decaffeinated instant coffee; fresh strawberries are processed into frozen strawberries. Production, on the other hand, in its broadest form is "something that is produced naturally or as the result of labor and effort." Websters Third New International Dictionary, p. 1810 [1976]. This definition includes pro-

cessing but does not override the limitation of the double direct standard of the statute. That is, whether the stone is produced or processed, the exempt manufacturing machinery, tools, and equipment must be directly used in direct production or direct processing. The instant equipment was no more directly used in the direct production than it was directly used in the direct processing or directly used in the direct mining. The essence of our opinion is the manufacturing equipment must have a transformational effect as opposed to a translational effect for it to be exempt. Again, neither the quarried stone nor the crushed stone is undergoing processing, mining, or production while it is being transported.[1]

Finally, we refer the parties to the recent decision, *Department of Revenue v. United States Steel Corp.*, (1981) (Ind.App., 425 N.E.2d 659) and its reference to our original opinion. *U.S. Steel* correctly notes an ambiguity in our majority opinion. We now clarify that ambiguity by stating we did not and do not intend to perpetuate the "positive effect and causal relationship" test.

Petition for rehearing denied.

SULLIVAN, J., concurs.

BUCHANAN, C. J., dissents to the denial of rehearing for the reasons stated in his dissent to the opinion handed down August 28, 1980.

---

1. Appellee Cave Stone has appropriately brought to our attention a typographical error in footnote 6 of our opinion (409 N.E.2d at 697). The first regulation reference in footnote 6 should be Rule (6–2–1–39) –16, *not* –15.